UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LANSING AUTOMAKERS FEDERAL CREDIT UNION, a federally-chartered credit union,

    Plaintiff,

v.

OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 459 AFL-CIO, and NURIA ANKNEY,

    Defendants.

Case No. 1:10-cv-266

HONORABLE PAUL L. MALONEY

---

# ORDER

**Denying without Prejudice Defendant Ankney's Motion to Dismiss;
Directing the Plaintiff to File an Amended Complaint which Removes Ankney as a Defendant**

Defendant Nuria Ankney ("Ankney") worked for plaintiff Lansing Automakers Federal Credit Union ("the credit union") for eleven years, with performance which the credit union described as "outstanding", until it terminated her employment on March 11, 2009. Although the termination notice did not state any reason for the termination, the credit union subsequently stated that it had terminated Ankney because she allegedly lied in several respects when asked whether she had paid back money which she had received as part of an employee "gifting circle", which it characterized as "a Ponzi scheme." Ankney filed a grievance, which the credit union denied, and her internal appeals were unsuccessful as well, so the parties agreed that the matter was properly

submitted to an arbitrator. Before the arbitrator, Ankney's labor union, the Office and Professional Employees International Union, AFL-CIO Local 459 ("the Local") alleged that the credit union had afforded other employees involved in the scheme an opportunity to explain themselves rather than firing them, and that the credit union did not have "just cause" to fire Ankney rather than taking some lesser disciplinary measure for a first infraction.

After hearing oral argument on December 4, 2009 and receiving post-hearing briefs, arbitrator David A. Dilts ("the arbitrator") issued a decision on February 3, 2010 determining that the credit union had violated the 2005 collective bargaining agreement ("CBA") between the credit union and the Local because it did not show "cause" for terminating Ankney's employment. The arbitrator allowed that Ankney could and should have clarified her response to the credit union's questions, but found that she had not intentionally deceived or lied to the credit union in response to those questions. *See* Arbitrator's Decision of February 3, 2010 at 12-16. The arbitrator reasoned that even if there had been proof of the alleged dishonesty, the length and quality of Ankney's employment with the credit union rendered outright termination unwarranted as the phrase "for cause" has been interpreted in CBAs. *See* Arbitrator's Decision at 16-17. The arbitrator concluded as follows:

> **Conclusion**
> This Arbitrator is persuaded that the Employer did not prove with a simple preponderance of the credible evidence that the Grievant was dishonest during the investigation of the gifting circle. The Grievant did not clarify issues that should have been clear to her as inappropriate conclusions by members of management. This is a duty she should have performed in the course of an investigation. The culpability here is minor, and the existence of mitigating circumstances (long and faith[ful] service with integrity) would serve to eliminate any penalty whatsoever in this matter.
>
> **Remedy**

> Based on the contract's requirements that discipline be rooted in just cause, and the record of evidence which fails to show the alleged deceit this Arbitrator simply has no alternative save to sustain this grievance in its entirety and order the Grievant reinstated to her former position, with restoration of her seniority, and full back pay and benefits. All records of this discharge are to be expunged from the Employer's records.

Arbitrator's Decision at 18.

The credit union brought this action in the 56th Judicial Circuit Court for Eaton County, Michigan, seeking to modify the remedy portion of the arbitrator's award. In pertinent part, the credit union's complaint states as follows:

11. Arbitrator Dilts did not determine or calculate an exact "back pay" or "benefits" award, the sum and substance of which is now in dispute; contrary to law and public policy, Mr. Dilts did not allow for "set-offs" and/or the traditionally-recognized principle of "failure to mitigate" which would thereby substantially [reduce?] Plaintiff's liability for same.

12. Since Mr. Dilts did not "retain supplemental jurisdiction" to further hear and/or decide any disputes regarding "Implementation of the Award") (as is customary in discharge/reinstatement cases in arbitration), and, under the doctrine of "funtus [sic] officio", once the Arbitrator entered the Award on February 3, 2010, any and all jurisdiction of the Arbitrator to open and/or reopen the matter ended.

13. Alternatively, and by analogy to MCR 3.602(K)(2)(a) or (c), request is also made by plaintiff to correct and/or modify the "remedial" aspects of the Award (without affecting the merits of same), i.e., a. To reduce the monetary aspects [sic] of the Remedy in that Defendant Ankney did not "mitigate" her damages and/or prevent a "windfall".

Complaint filed February 23, 2010 in Eaton County Circuit Court ("Comp") ¶¶ 11-13. The credit union concludes the complaint by asking the court to calculate and declare the amount, if any, of back pay and benefits which Ankney is entitled to receive *after* accounting for the applicable common law regarding her duty to mitigate and "set-offs." Comp ¶ 16.

On March 25, 2010, defendant Ankney filed a motion to dismiss the complaint as to her for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6), respectively (*see* Docs 6 and 7); the credit union timely filed an opposition brief (Docs 16 and 17) on April 20, 2010, and Ankney timely filed a reply brief (Doc 18) on May 4, 2010. On Monday, May 17, 2010, the credit union filed a notice withdrawing its opposition to Ankney's motion, "pursuant to the representation made by the Defendants that Nuria Ankney will be bound by any decision in the captioned matter through the Union . . . ." Notice (Doc 22) at 1 (citing Def Ankney's Reply Br (Doc 18) at 4 n.3). Specifically, Ankney's reply brief stated that

> Plaintiff's reliance on common-law principals [sic] "necessary" or "permissive" joinder of parties are inapplicable to claims arising under LMRA [Labor and Management Relations Act] § 301, since the limitations on the appropriate parties to such a suit are contained within the body of the statute. *Any remedy ordered by the court either in favor of, or against, LAFCU [the credit union], is binding on OPEIU*

> *[the labor union] as the party to the CBA, and on Ankney as the employee whom the Union represents.*

Doc 18 at 4 n.3 (emphasis added). The credit union then submits merely an amended first page of its complaint, no longer listing Ankney as a party defendant. This is not an appropriate way to effectuate the removal of Ankney as a party; that must be done by the filing of an amended complaint.

## ORDER

Defendant Ankney's motion to dismiss [document # 6] is **DENIED without prejudice**.

No later than Monday, May 31, 2010, the plaintiff **SHALL FILE** an amended complaint which removes Ankney as a party defendant.

This does <u>not</u> constitute leave to amend the complaint in any other way; such leave must be sought in the usual fashion.

This is <u>not</u> a final and immediately-appealable order.

**IT IS SO ORDERED** on this  18th  day of May 2010.

                                                    /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge